JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-05296-RGK | Date | August 22, 2014 |
|---|---|---|---|
| Title | *In Re DEAN BORNSTEIN* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Dismissing Appeal for Lack of Prosecution**

   According to court records, Appellant filed its Notice of Appeal on July 9, 2014. On July 21, 2014, the Court received a Certificate of Readiness and Completion of Record from the bankruptcy court, and set August 4, 2014 as the due date for Appellant's opening brief. On August 7, 2014, three days after the briefing deadline, Appellant filed an Ex Parte Application to consolidate this matter with an earlier filed appeal, CV-14-02994 ("First Appeal"), which had been assigned to this Court. On August 11, 2014, this matter ("Current Appeal") was transferred to this Court as a case related to the First Appeal.

**A.**     **First Appeal**

   In the First Appeal, the Court twice continued the briefing deadline, and ultimately set August 7, 2014 as the deadline. On August 7, 2014, Appellant sought, but failed, to obtain a further continuance in the First Appeal. However, Appellant never filed its opening brief. Therefore, on August 13, 2014, the Court issued an Order to Show Cause Re Dismissal for Lack of Prosecution. Appellant timely responded, stating that Appellant did not file an opening brief because it was awaiting a transfer of the Current Appeal to this Court. Based on Appellant's knowledge of the Court-imposed deadlines and its purposeful disregard of those deadlines, the Court found no good cause and dismissed the First Appeal for lack of prosecution.

**B.**     **Current Appeal**

   On August 14, 2014, ten days after the briefing deadline had passed in the Current Appeal, Appellant still had not filed its opening brief. Therefore, the Court issued an Order to Show Cause Re

Dismissal for Lack of Prosecution. Appellant timely filed a Response on August 19, 2014.

As with the First Appeal, Appellant primarily relies on the existence of a related case to justify its failure to conform with the Court-ordered deadlines. Appellant further states that counsel was on vacation between July 25, 2014 and the August 4, 2014, briefing deadline, and was unable to request an extension of time until returning to work.

Based on Appellant's response, there is no mistake that Appellant was aware of the deadlines, and it is clear that its failure to file an opening brief did not result from mistake, inadvertence or excusable neglect. Rather, Appellant appears to be under the misconception that it can control the Court's calendar based on its own case management needs and counsel's vacation schedule. This is simply not so. The Court, alone, has the inherent authority to manage its own docket of cases. Appellant appears to have purposely defied the Court's order. Its counsel's vacation schedule and unilateral determination that the Current Appeal and First Appeal should be handled together does not constitute good cause.

For the foregoing reasons, the Court **dismisses** Appellants appeal for lack of prosecution.

**IT IS SO ORDERED.**

           :        

**Initials of Preparer**